UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILMA ABERNATHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 4:19-CV-00009-NAB |
| | ) |
| | ) |
| RACHEL WHITE, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendant City of Bel-Ridge, Missouri, ("City") to dismiss Plaintiff Wilma Abernathy's ("Plaintiff" or "Abernathy") complaint for failure to state a claim on which relief may be granted, and on the basis of sovereign immunity. (Doc. 38). For the reasons set forth below, the City's motion to dismiss will be granted.

   **I.   BACKGROUND**

Plaintiff, a current member of the City's Board of Aldermen, seeks to hold the City liable for certain events that occurred during 2017 and 2018 when Abernathy was serving a prior term on the Board of Aldermen. Plaintiff alleges that on October 30, 2017, she "cooperated with the initiation of a formal complaint to the Missouri Attorney General" regarding alleged violations of the Missouri Sunshine Law[1] by the City. (Doc. 3 at 3). At that time, Plaintiff signed an affidavit setting forth alleged Sunshine Law violations, and her affidavit was subsequently forwarded to the Missouri Attorney General as an enclosure to a letter prepared by attorney Michael K. Daming, who indicated that he represented the interests of Glenn Tope, a resident of the City of

---

[1] Mo. Rev. Stat. § 601.011 *et seq.*

Bel-Ridge. *Id*.

Plaintiff alleges that, in retaliation for her cooperation with the Sunshine Law complaint, the then Mayor of the City, Rachel White, and other members of the Board of Aldermen, including Mary Mans, Robbin Russell, Reginald Brown, and Karen Nelson, (collectively, the "Individual Defendants"), instituted impeachment proceedings against her on February 15, 2018. *Id*. The bill of impeachment set out five charges against Plaintiff, including violations of closed records laws, accepting funds meant as donations to the City and converting them to her personal use, and providing false statements in the affidavit Plaintiff signed. (Doc. 27 at 3). She further alleges that on March 6, 2018, the Individual Defendants adopted an amended bill of impeachment, and that finally, in July 2018, the impeachment proceeding was permanently abandoned. *Id*. Plaintiff also alleges that the Individual Defendants voted in favor of a fine that the City wrongfully imposed against her as a sanction for voicing her objections to the impeachment proceedings, and then approved the withholding of her salary to satisfy the fine. *Id*. Plaintiff acknowledges that her full salary was later paid to her, but complains that she suffered overdraft fees and reputational harm as a result of the fine.

Plaintiff's complaint contains five counts: (1) Count I for Abuse of Process; (2) Count II for Malicious Prosecution; (3) Count III[2] for Defamation; (4) Count IV for Conversion; and (5) Count V, a 42 U.S.C. § 1983 claim alleging violations of her First and Fourteenth Amendment rights. Plaintiff seeks damages in excess of $25,000, plus punitive damages, attorney's fees and costs. Plaintiff's claims against the Individual Defendants were dismissed in a prior order of this

---

[2] Count III was brought only against Individual Defendants Rachel White, Mary Mans, Robbin Russell, Reginald Brown, and Karen Nelson. Counts I, II, and V against the Individual Defendants were previously dismissed for failure to state a claim. (Doc. 42). In the order dismissing those counts, the Court also dismissed without prejudice Count III, as the Court declined to exercise supplemental jurisdiction over that claim. *Id*.

Court, which was issued on September 30, 2019. (Doc. 42). Only Counts I, II, IV, and V against the City remain pending.

## II. DISCUSSION

For a plaintiff to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

### A. Counts One and Two

This Court has already addressed Plaintiff's Count One, for abuse of process, and Count Two, for malicious prosecution, and found that Plaintiff failed to state a claim against the Individual Defendants on either count. (Doc. 42). Plaintiff fails to state a claim on Counts One and Two against the City for the same reasons stated in our prior order, and the Court will not revisit that discussion here.

### B. Count Four—Conversion

Plaintiff asserts in Count Four a claim for conversion against the City, alleging that it

wrongfully withheld her salary as payment for the fine levied against her during the impeachment process. The City asserts that sovereign immunity bars Plaintiff's claim for conversion. The Court agrees. It is clear under Missouri law that actions against a municipality for conversion are barred by the doctrine of sovereign immunity. *See Credit Acceptance Corp. v. Smith*, 991 S.W.2d 720, 721 (Mo. Ct. App. 1999) (city entitled to sovereign immunity on conversion claim); *Mitchell v. Village of Edmundson*, 891 S.W.2d 848, 850 (Mo. Ct. App. 1995) (conversion claims against municipalities have consistently been found to fall within the shield of sovereign immunity). Therefore, the City's motion to dismiss Count Four will be granted based on the doctrine of sovereign immunity.

### D. Count Five—1983 Municipal Liability

"Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the constitution." *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To state a claim under § 1983, a plaintiff must allege (1) that the defendant acted under color of state law; and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right. *See Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an "official municipal policy," *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); (2) an unofficial "custom," *id.*; or (3) a deliberately indifferent failure to train or supervise, *see City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Furthermore, the municipal policy or custom must have been the "moving force" behind the alleged constitutional violation. *Monell*, 436 U.S. at 694. Additionally, municipal liability under § 1983 may not be based on the doctrine of *respondeat superior*. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1996).

Policy and custom are not the same thing. "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, MO*., 829 F.3d 695, 699-700 (8th Cir. 2015) (quoting *Mettler v. Whitledge,* 165 F.3d 1197, 1204 (8th Cir. 1999)). A governmental custom involves "a pattern of 'persistent and widespread' ... practices which bec[o]me so 'permanent and well settled' as to have the effect and force of law." *Doe v. Special Sch. Dist*., 901 F.2d 642, 646 (8th Cir. 1990) (quoting *Monell,* 436 U.S. at 691). The Eighth Circuit "has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello,* 411 F.3d 920, 922 (8th Cir. 2005). However, because municipal officials often enjoy either absolute or qualified immunity from suit, the Eighth Circuit has clarified that victims of unconstitutional policies or customs "are not without recourse since under *Monell* the municipality itself can still be held liable for constitutional violations," as the immunity of a municipality's policymakers "does not shield the city from liability for its policies." *Webb v. City of Maplewood*, 889 F.3d 483, 487 (8th Cir. 2018) (internal quotations omitted). However, there must still have been "an unconstitutional act by a municipal employee before a municipality can be held liable," but there "need not be a finding that a municipal employee is liable in his or her individual capacity." *Id*. (internal quotations and citations omitted).

This Court previously held that the Individual Defendants were absolutely immune from suit with respect to Plaintiff's § 1983 claims. The City argues that because the Individual Defendants were found to be immune, there is no underlying predicate constitutional violation for which the City can also be held liable. However, as discussed above, the City could still be liable for its own unconstitutional policy or custom, to the extent such policy or custom violated

5

Plaintiff's constitutional rights. The City also argues that Plaintiff's petition lacks any allegation of an unconstitutional municipal policy or custom that could serve as the moving force behind any alleged deprivation of constitutional rights. With this the Court agrees. Plaintiff does not point to any unconstitutional municipal policy or custom. Rather, Plaintiff's claims are based on the initiation of impeachment proceedings against her. An aborted impeachment proceeding against one member of the City's board of alderman does not constitute either an official policy of the City or a pattern of persistent and widespread practices which is so permanent and well settled as to have the effect and force of law, and consequently, Plaintiff's § 1983 claim in Count Five against the City must be dismissed.

### III. CONCLUSION

Accordingly, for all the reasons stated above,

**IT IS HEREBY ORDERED** that the motion to dismiss filed by the City of Bel-Ridge is **GRANTED** with respect to Counts I, II, IV, and V, and those Counts are **DISMISSED WITH PREJUDICE**. (Doc. 38). As discussed *supra*, Count III was previously dismissed.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this _26_th day of February, 2020.