IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILMA ABERNATHY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CITY OF BEL-RIDGE, et. al., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.  4:19-CV-00009-NAB <br><br> *Removed from Circuit Court of the 21st Judicial Circuit, Cause No.: 18SL-CC0445* |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER RULE 59(e) MOTION TO AMEND MEMORANDUM AND ORDER OF DISMISSAL OR IN THE ALTERNATIVE FOR LEAVE TO AMEND PURSUANT TO RULE 15(a)(2)**

COMES NOW Plaintiff, Wilma Abernathy ("Plaintiff" or "Abernathy"), and for her Memorandum of Law in Support of her Rule 59(e) Motion to Amend Memorandum and Order of Dismissal or in the Alternative for Leave to Amend pursuant to Rule 15(a)(2) states as follows.

**I.    Introduction**

On February 26, 2020, the court entered a memorandum and order (the "Order") which granted Defendant the City of Bel-Ridge City's ("City" or "Bel-Ridge") 12(b)(6) motion to dismiss Abernathy's complaint ("Complaint"). (Doc 46; *see also* Docs 3 (the Complaint) and 44-1[1]). The Order dismissed the following claims against the City:

1) Abuse of Process (Count I);

2) Malicious Prosecution (County II);

3) Conversion of Abernathy's official salary (Count IV); and

---

[1] The exhibits to the Complaint were not attached to the Complaint when the City removed the matter to federal court. (Doc. 3). They are attached to Abernathy's Memorandum of Law in Opposition to the City's Motion to Dismiss. (Doc. 44-1).

1

   4) Violations of 42 U.S.C. §§ 1983 and 1988 (Count V).

(Doc. 3).

  The Complaint relates to conduct arising out of retaliation for Abernathy's (an Alderwoman for Bel-Ridge for twenty-five years) cooperation in the initiation of a formal sunshine law Complaint against Bel-Ridge ("Sunshine Law Complaint") with the Missouri Attorney General for violations of Missouri's Sunshine Law, Mo. Rev. Stat. § 601.011 *et seq*. (the "Sunshine Law"), that Abernathy observed to be routinely occurring in and by Bel-Ridge. (Doc. 3 at pgs. 3-7). As a result, in part, of Abernathy's cooperation with the Sunshine Law Complaint, the State of Missouri, after its own investigation, initiated a lawsuit against Bel-Ridge, filed in the Circuit Court of St. Louis County, Missouri and styled as *State of Missouri vs. The City of Bel-Ridge*, Case No. 18SL-CC02357. *Id.* at pg. 3. Notably, that matter resolved in a consent judgment (Consent Judgment) in which the City acknowledged and agreed that it had violated the Sunshine Law on multiple occasions, and as more fully described in that judgment. (A copy of that Consent Judgment is attached hereto as "Exhibit 1").

  For reasons stated herein, Abernathy has stated causes of action against the City, and respectfully requests the court to amend the Order and deny the City's motion to dismiss. In the alternative, should the court deny this motion to amend the Order, Abernathy respectfully requests that she be granted leave to amend her Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

**II.** **Argument**

  **A.** **Legal standard for a Rule 59(e) motion to amend**

  Motions under Rule 59(e) serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Ryan v. Ryan*, 889 F.3d 499, 507–08 (8th Cir.

2018). District courts have broad discretion in determining whether to alter or amend a judgment under Rule 59(e), which will not be disturbed, absent an abuse of discretion. *Id.*

      **B.**    <u>**Legal Standard for a Rule 12(b)(6) motion to dismiss**</u>

To survive a motion to dismiss, a complaint must contain sufficient factual matters, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Notably, a federal court may not apply a standard more stringent than the usual pleading requirements of Rule 8(a) in a civil rights case alleging municipal liability. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) ("no heightened pleading rule requires plaintiffs seeking damages for violations of constitutional rights to invoke § 1983 expressly in order to state a claim"); *see also* Fed. R. Civ. P. 8(a). When the basis of dismissal is an affirmative defense (as with the City's stated basis for dismissal of Abernathy's Section 1983 and state law claims), dismissal is appropriate only when the defense is established on the face of the Complaint. *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

      **C.**    <u>**Legal Standard for Rule 15(a)(2) motion for leave to amend pleadings**</u>

A party may amend its pleadings by leave of court, and such leave should be freely given when justice so requires. Fed. R. Civ. P. 15. The Court has discretion whether or not to grant leave to amend. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32, (1971). "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair

prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoted case omitted).

### D. Abernathy has pled a claim for municipal liability under 42 U.S.C. § 1983 against the City

Abernathy incorporates herein by reference her arguments in her Memorandum of Law in Opposition to Defendant City of Bel-Ridge's Motion to Dismiss ("Opposition Memo") in support of this motion to amend the Order with regard to her Section 1983 claim. (Doc. 44 at pgs. 3-7). In the Order, court correctly observed that the City could be liable for its own unconstitutional policy or custom, to the extent such police or custom violated Abernathy's constitutional rights. (Doc. 46 at pg. 5-7). However, the court dismissed Abernathy's claim because it found that Abernathy failed to plead any unconstitutional municipal policy or custom, and concluded (without further explanation) that an aborted impeachment proceeding against one member of the City's board of alderman does not constitute an official policy of the City. (*Id.* at 6). Abernathy respectfully requests that the Order be amended to reflect that such unconstitutional policies have been pled, and that the City's motion to dismiss be denied. Abernathy further, and respectfully, states that failing to amend the Order would be an error of law and fact.

The Complaint clearly states constitutional violations pursuant to 42 U.S.C § 1983 against the City. The Complaint alleges that the Individual Defendants, while sitting as the Board of Aldermen for the City, which is the highest and final authority of the City, pursuant to Mo. Rev. § 79.110, voted to adopt bills of impeachment which were facially deficient, fatally flawed, and otherwise were in violation of applicable law. (Doc. 3 at pgs. 3-7; 10-12). The Complaint further alleges that the City, vis-à-vis the Board of Aldermen, went forward with the impeachment proceedings not for the legitimate purpose of ferreting out impeachable offenses by

4

one of its aldermen, but for the illegal purposes of retaliation, harassment and retribution against Abernathy for her cooperation with the Sunshine Law Complaint against the City. (Doc. 3 at pgs. 3-7, 10-12).

As part of the harassment and retaliation, the Complaint alleges the City never produced any evidence in support of the bills of impeachment and ultimately abandoned the impeachment claims altogether, but only after the City maligned Abernathy's reputation, and caused her to incur substantial monetary and reputational damage. *Id.* at pg. 4. Further, the City continued to schedule evidentiary hearings on the merits of the impeachment proceedings after Abernathy was re-elected, when the City well and verily knew that an elected official could not be impeached for conduct that pre-dates the current term of office, which exacerbated her monetary and reputational damage. *Id.* at pgs. 6-7*; see also Mason v. City of Breckenridge Hills*, 100 S.w.3d 153, 15 (Mo. App. W.D. 2003). These violations, taken as true, clearly demonstrate a violation of Abernathy's well-recognized constitutional right to speak publicly about (1) matters affecting public concern; and (2) the City's wrongful conduct. (Doc. 3 at pgs. 3-7, 10-12).

The Complaint alleges that the entire edifice of the impeachment proceeding, both before, during, and after Abernathy's election, was implemented not for the legitimate purpose of routing out impeachable offenses, but for the illegitimate purpose of retaliation for her speaking out against various Sunshine Law violations committed by the City (and for which she was ultimately vindicated by the Consent Judgment), in violation of her constitutional right to free speech, and in violation of 42. U.S.C. § 1983. (Doc. 3 at pgs. 3-7, 10-12); *see also* Exhibit 1. The Order fails to address these well pled facts and as a result fails to view the facts pled in the light most favorable to the non-moving party, as required by Fed. R. Civ. P. 12(b)(6). (discussed *supra*).

5

The Order also fails to address the Complaint's alleged due process and equal protection violations as additional violations of 42 U.S.C. § 1983. (Doc. 46). The Complaint alleges additional constitutional violations by the City when the Board of Aldermen voted to withhold her salary without any evidentiary hearing or notice, in violation of her constitutional rights to due process and equal protection under the law. (Doc. 3 at 5-6, 10-12). The Order fails to address these facts pled in the Complaint, and likewise fails to view the facts in the light most in favor of the non-moving party, in violation of Fed. R. Civ. P. 12(b)(6). (discussed *supra*). Accordingly, the Complaint has sufficiently alleged Section 1983 liability for constitutional violations resulting from the City's "official municipal policy." *Monell v. Department of Social Services,* 436 U.S 658, 691 (1978). As a result, the City's motion to dismiss Abernathy's § 1983 claim should be denied, and the Order should be amended accordingly.

Alternatively, Abernathy requests leave to amend this claim pursuant to Fed. R. Civ. P. 15(a)(2), and in the interest of justice, so that she will have the opportunity to litigate this claim to a trial on the merits.

### E. Sovereign immunity does not protect the wrongful withholding of a public official's salary, and alternatively Abernathy renews her request for leave to amend the Complaint to specifically plead an exception to the defense of sovereign immunity

Abernathy incorporates herein by reference her arguments in her Opposition Memo in support of her motion to amend the Order with regard to dismissal of her conversion of public salary claim. (Doc. 44 at pgs. 7-9; Doc. 46). The Order dismissed this claim on the basis of sovereign immunity. (Doc 46 at pgs. 3-4). However, the Order fails to address the exception (codified by statute, ordinance, and recognized by common law) to the doctrine of sovereign immunity with regard to payment of an elected official's salary. (Doc. 44 at pgs. 3-4; Doc. 46, pgs. 3-4).  The Order further fails to address the facts pled in the Complaint which demonstrate

6

an exception to sovereign immunity. (Doc. 3 at pg. 5-6). The Order fails to address these pled facts, and as a result, fails to view the facts in the light most favorable to the non-moving party, in violation of Fed. R. Civ. P. 12(b)(6). (discussed *supra*). Accordingly, Abernathy respectfully requests that the Order be amended, and that dismissal of this claim be denied.

Alternatively, Abernathy requests the court to reconsider her request for leave to amend this claim for purposes of pleading exceptions to the sovereign immunity defense, as set forth in *Bennartz v. City of Columbia*, 300 S.W.3d 251, 259 (Mo. App. W.D. 2009), pursuant to Fed. R. Civ. P. 15(a)(2), and in the interest of justice, so that she will have the opportunity to litigate whether an exception applies.

### F. Abernathy has sufficiently pled abuse of process and malicious prosecution claims against the City and alternatively renews her request for leave to amend the Complaint to specifically plead an exception to the defense of sovereign immunity

Abernathy incorporates herein by reference her arguments in her Opposition Memo in support of her motion to amend the Order with regard to dismissal of her abuse of process and malicious prosecution claims. (Doc. 44 at pgs. 7-9). Abernathy has pled sufficient grounds for her abuse of process and malicious prosecution claims against the City, and respectfully requests that the Order be amended accordingly. (Doc 3. At pgs. 3-4, 7-8). Alternatively, to the extent that the Complaint fails to explicitly plead an exception to the City's defense of sovereign immunity, Abernathy requests leave to amend her claim for purposes of pleading exceptions to the sovereign immunity defense, as set forth in *Bennartz*, 300 S.W.3d at 259, pursuant to Fed. R. Civ. P. 15(a)(2), and in the interest of justice, so that she will have the opportunity to litigate whether an exception applies.

### III.     Conclusion

For reasons stated herein, the City's motion to dismiss should be denied and the Order dismissing Abernathy's Complaint should be amended therefor. Abernathy has pled justiciable claims for conversion of her official salary, violations of 42 U.S.C. §§ 1983 and 1988, abuse of process, and malicious prosecution. As no affirmative defense is apparent from the face of the Complaint, denial of the dismissal is still proper. All of the claims and defenses asserted in the Motion to Dismiss are more properly addressed by proof at a trial on the merits or by summary judgment motion, after an opportunity to complete discovery. Alternatively, to the extent that the Court finds that dismissal of any of Abernathy's claims against the City is appropriate, Abernathy respectfully requests leave to amend the Complaint, pursuant to Fed. R. Civ. P. 15(a)(2).

WHEREFORE, Plaintiff Wilma Abernathy respectfully requests that the court amend its February 26, 2020 Memorandum and Order and that the City's Motion to Dismiss be denied in its entirety, or alternatively to the extent the Court denies the subject motion to amend that leave be granted to amend the Complaint, and for such other relief that the Court deems fair and reasonable.

*/s/ Evelyn I. Sims*
Evelyn I. Sims, MoBar # 60410
**Attorney for Plaintiff**
CIBC Place, Suite 875
1401 South Brentwood Boulevard
St. Louis, Missouri 63144
Email:  esims@wasingerdaming.com
(314) 961-0400
(314) 961-2726 FAX

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing instrument was served through the court's electronic filing system on March 25, 2020 to:

| | |
|---|---|
| Rachel Bates | John Torbitzky |
| King, Krehbiel, & Hellmich, LLC | Behr, McCarter, & Potter, P.C. |
| 2000 South Hanley Road | 7777 Bonhomme Avenue, Ste. 1400 |
| St. Louis, MO 63144-1524 | Clayton, MO 63105 |
| Attorney for Defendants Robbin Russel, Reginald Brown, Karen Nelson, and the City of Bel-Ridge | Attorney for Defendant Mary Mans and Rachel White |

                                                    */s/ Evelyn I. Sims*