UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILMA ABERNATHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:19-CV-00009-NAB |
| | ) | |
| | ) | |
| RACHEL WHITE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Plaintiff Wilma Abernathy's ("Plaintiff" or "Abernathy")

Rule 59(e) Motion to Amend Memorandum and Order of Dismissal or in the Alternative for Leave

to Amend Complaint. (Doc. 47.) For the reasons set forth below, Plaintiff's motion will be denied.

## I.     Background

Plaintiff's Complaint seeks to hold Defendants[1] liable for certain events that occurred

during 2017 and 2018 when Plaintiff was serving in a prior term on the Board of Aldermen. Plaintiff

alleges that on October 30, 2017, she "cooperated with the initiation of a formal complaint to the

Missouri Attorney General" regarding alleged violations of the Missouri Sunshine Law[2] by the

City. (Doc. 3 at 3.) At that time, Plaintiff signed an affidavit setting forth alleged Sunshine Law

violations, and her affidavit was subsequently forwarded to the Missouri Attorney General as an

---

[1] Defendants are the City of Bel-Ridge ("City") and five "Individual Defendants": Rachel White was sued individually and in her capacity as former Mayor of the City of Bel-Ridge, Missouri. As mayor, White was also a member of the Board of Aldermen of Bel-Ridge at all times relevant. *See* Mo. Rev. Stat. § 79.120. Mary Mans was sued individually and in her capacity as a former Alderwoman of the City of Bel-Ridge. Robbin Russell was sued individually and in her capacity as Alderwoman of the City of Bel-Ridge. Reginald Brown was sued individually and in his capacity as Alderman of the City of Bel-Ridge. Karen Nelson was sued individually and in her capacity as Alderwoman of the City of Bel-Ridge.

[2]  Mo. Rev. Stat. § 601.011 *et seq.*

enclosure to a letter prepared by attorney Michael K. Daming, who indicated that he represented the interests of Glenn Tope, a resident of the City of Bel-Ridge. *Id*.

Plaintiff alleges that, in retaliation for her cooperation with the Sunshine Law complaint, the Individual Defendants, on February 15, 2018, instituted impeachment proceedings against her. *Id*. Plaintiff also alleges that the Individual Defendants voted in favor of a fine that the City wrongfully imposed against her as a sanction for voicing her objections to the impeachment proceedings, and then approved the withholding of her salary to satisfy the fine. *Id*. Plaintiff acknowledges that her full salary was later paid to her, but complains that she suffered overdraft fees and reputational harm as a result of the fine.

Plaintiff's Complaint contained five counts: (1) Count I for Abuse of Process; (2) Count II for Malicious Prosecution; (3) Count III[3] for Defamation; (4) Count IV for Conversion; and (5) Count V, a 42 U.S.C. § 1983 claim alleging violations of her First and Fourteenth Amendment rights. On September 30, 2019, the Court dismissed Plaintiff's claims against the Individual Defendants. (Doc. 42.) On February 26, 2020, the Court entered an order granting the City's motion to dismiss Plaintiff's Complaint for failure to state a claim and on the basis of sovereign immunity. (Doc. 46.) The February 26, 2020 order is the subject of Plaintiff's Motion to Amend.

## II.    Legal Standard

Under Fed. R. Civ. P. 59(e), a court may alter or amend a judgment. The Rule serves the "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations and citations omitted). A Rule 59(e) motion cannot be used

---

[3]    Count III was brought only against the Individual Defendants, and not against the City. Counts I, II, and V against the Individual Defendants were previously dismissed for failure to state a claim. (Doc. 42). In the order dismissing those counts, the Court also dismissed without prejudice Count III, as the Court declined to exercise supplemental jurisdiction over that claim. *Id*.

2

to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). "A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment. *Concordia Coll. Corp. v. W.R. Grace & Co.,* 999 F.2d 326, 330 (8th Cir. 1993).

## III.     Discussion

The Court has carefully reviewed the underlying record and the February 26, 2020 Order. Plaintiff fails to provide newly discovered evidence or illustrate the Court committed manifest error of law or fact in the Order, thereby failing to meet the standard for a Rule 59(e) motion. Plaintiff does not raise any issues that have not already been considered or show a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Instead, Plaintiff relitigates issues already addressed in the Court's previous order. A motion to alter or amend pursuant to Fed. R. Civ. P. 59(e) is not the appropriate vehicle for this type of challenge.

### A.     Counts One and Two – Abuse of Process and Malicious Prosecution

In her Motion, Plaintiff argues she has pled sufficient grounds for her abuse of process and malicious prosecution claims, and incorporates by reference her arguments in her opposition to the City's motion to dismiss. Merely incorporating prior arguments previously considered and rejected by the Court is insufficient to satisfy Rule 59(e). Accordingly, Plaintiff's Rule 59(e) motion with respect to these two claims must be denied.

### B.     Count Four – Conversion

With respect to dismissal of the conversion of public salary claim, Plaintiff asserts the Court

failed to address the exception to the doctrine of sovereign immunity and incorporates by reference the arguments made in her opposition to the City's motion to dismiss. The Court previously considered and rejected these arguments, and the Court's Order makes clear that conversion actions against a municipality are barred by sovereign immunity under Missouri law. (Doc. 46, at 4). Accordingly, the Court rejects this argument. Plaintiff next argues that the Order fails to address facts pled in the Complaint that demonstrate an exception to sovereign immunity. However, Plaintiff does not state which factual allegations this argument refers to, nor does Plaintiff state which sovereign immunity exception would apply. Plaintiff's conversion claim fails as a matter of law, and Plaintiff's general challenge to the Court's Order is insufficient to establish manifest error under Rule 59(e).

C.     **Count Five – 1983 Municipal Liability**

The Court found that Plaintiff failed to plead a municipal liability claim under § 1983 because the Complaint did not contain allegations of an unconstitutional municipal policy or custom that could serve as the moving force behind any alleged deprivation of constitutional rights. Plaintiff argues that the Court simply concluded that an aborted impeachment proceeding does not constitute an official policy of the City "without further explanation." Yet Plaintiff does not provide legal authority or any other basis to support the suggestion that the initiation of impeachment proceedings in one instance constitutes an official policy of the City or a pattern of persistent and widespread practices which is so permanent and well settled as to have the effect of law. More importantly, this challenge does not present manifest errors of law or fact. Because Plaintiff fails to offer any new material facts or legal standards that were not previously before the Court when the Complaint was

4

dismissed, the undersigned rejects these arguments.[4]

**D.      Request for Leave to Amend Complaint**

Plaintiff also argues that she should be given leave to amend her Complaint pursuant to Rule 15(a)(2) because leave to amend should be freely given when justice so requires. However, there is no "absolute or automatic right to amend" a complaint. *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005). "Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal." *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985) (internal citations omitted). "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered." *U.S. ex rel. Roop v. Hypoguard USA, Inc.,* 559 F.3d 818, 823-24 (8th Cir. 2009).

"A district court does not abuse its 'substantial postjudgment discretion' by denying leave to amend where a plaintiff receives notice of the possible deficiencies in his complaint yet makes a tactical decision 'to stand on and defend its original complaint' until after the case is dismissed." *Sevela v. Portfolio Recovery Assocs., LLC,* 2019 WL 2173738, at *2 (D. Neb. May 20, 2019) (quoting *United States v. Mask of Ka-Nefer-Nefer,* 752 F.3d 737, 742, 744 (8th Cir. 2014)). Here, the Court's order dismissed the complaint on its merits and did not grant Plaintiff leave to amend. The Individual Defendants filed their motion to dismiss for failure to state a claim on February 4, 2019, and the Court granted the Individual Defendant's motion on September 30, 2019. The City filed its motion to dismiss for failure to state a claim on August 12, 2019, and the motion was fully briefed by October 24, 2019, after the Court's ruling on the Individual Defendants' Motion. (Docs. 38, 42, 46.) As early as February 4, 2019, Plaintiff was put on notice of the possible deficiencies in

---

[4] Plaintiff also argues the Court "fails to address the Complaint's alleged due process and equal protection violations as additional violations of 42 U.S.C. § 1983." Plaintiff's argument ignores that a § 1983 claim against a municipality still requires allegations of an unconstitutional municipal policy or custom that could serve as any alleged deprivation of constitutional rights. Plaintiff has not made allegations sufficient to state such a claim.

her Complaint, as four of the five claims against the Individual Defendants were also brought against the City. Then, on September 30, 2019, Plaintiff received the Court's order dismissing the claims against the Individual Defendants. This gave Plaintiff ample notice of the deficiencies in her allegations and the flaws in her arguments, and she made the decision "to stand on and defend" her original complaint. She is not now entitled to leave to amend the Complaint after it has already been dismissed.

IV.     **Conclusion**

Having carefully reviewed Plaintiff's motion and the parties' submissions, the Court finds Plaintiff has not met "the stringent standards" for relief under Rule 59(e). *See Mask of Ka-Nefer-Nefer*, 752 F.3d at 743.

Accordingly, for all the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Rule 59(e) Motion to Amend Memorandum and Order of Dismissal or in the Alternative for Leave to Amend Complaint is **DENIED**. (Doc. 47.)

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 11th day of August, 2020.